**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARTHA RODRIGUEZ, a single woman, | No. 10-17178 |
| Plaintiff - Appellant, | D.C. No. 2:09-cv-01853-FJM |
| v. | MEMORANDUM[*] |
| QUALITY LOAN SERVICE CORPORATION, a California corporation licensed to do business in the State of Arizona; et al., | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Frederick J. Martone, District Judge, Presiding

Submitted March 12, 2012[**]
San Francisco, California

Before: NOONAN, McKEOWN, and M. SMITH, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Martha Rodriguez appeals the district court's dismissal of her claims against Wells Fargo, Midland Mortgage, and MidFirst Bank. Rodriguez fell behind on her mortgage payments and faced foreclosure. She alleges that she contracted with Wells Fargo for a "reverse mortgage" on her home, with sufficient proceeds to be paid to Midland to cure the default on her home loan. Wells Fargo did not approve and fund the loan before Midland foreclosed on and sold the house at a Trustee's Sale. Rodriguez was then evicted.

The district court had jurisdiction under 28 U.S.C. § 1332. This court has jurisdiction under 28 U.S.C. § 1291.

We review the district court's dismissal of Rodriguez's claims de novo. *Lyon v. Chase Bank USA, N.A.*, 656 F.3d 877, 883 (9th Cir. 2011) (stating that a motion to dismiss for failure to state a claim is "functionally identical" to a motion to dismiss on the pleadings) (quoting *Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1982)) .

Rodriguez claims that Midland lacked appropriate authority to conduct the Trustee's Sale of her home because it was not the holder of the underlying note secured by the deed of trust. We affirm the district court's dismissal of this claim. The Arizona Supreme Court has held that A.R.S. § 33-308, a provision of the state's non-judicial foreclosure statute, was meant to protect the holder of the

assignment against subsequent purchasers without notice; the statute "does not affect a deed's validity as to the obligor." *In re Vasquez*, 266 P.3d 1053, 1055 (Ariz. 2011). Since Rodriguez executed a deed of trust and promissory note to obtain a mortgage loan for her home, the question whether Midland or MidFirst was in fact the beneficiary of the deed of trust at the time of sale is irrelevant to her interests. If the foreclosing party is not the beneficiary, the party with a claim is the actual beneficiary of the deed of trust, not Rodriguez, the obligor on the loan.

Rodriguez argues that the district court improperly cut off discovery, allowing her insufficient time to develop her case. But the district court dismissed all of Rodriguez's claims either for failure to state a claim or on the pleadings. Because the case did not progress past the dismissal stage, Rodriguez's claims regarding discovery are moot. Because the discovery claims are moot, we need not address the request for further time for discovery.

Rodriguez argues that Wells Fargo induced her reasonable, foreseeable, and detrimental reliance upon its promises regarding the "reverse mortgage" home loan. The district court assumed that Wells Fargo did make a promise to Rodriguez regarding the loan, found that Rodriguez's reliance on it was not reasonable, and dismissed her claim. According to Rodriguez's pleadings, Wells Fargo promised her that she qualified for a loan. Rodriguez did not allege that

Wells Fargo promised her that it would approve or fund her loan. Because Wells Fargo's promise concerned only future conduct, Rodriguez did not have the legal right to rely on it, and the district court correctly dismissed her promissory estoppel claim against Wells Fargo. *See Renteria v. United States*, 452 F. Supp. 2d 910, 915-16 (D. Ariz. 2006).

Rodriguez claims that Wells Fargo negligently misrepresented to her the fact that its services would stop or prevent the Trustee's Sale of her home; she petitions for special, general, emotional, and punitive damages in recompense. We affirm the district court's dismissal of this claim. Rodriguez failed to allege that Wells Fargo misrepresented or omitted a material fact as is required to make a claim of negligent misrepresentation in Arizona. *See McAlister v. Citibank*, 829 P.2d 1253, 1261 (Ariz. Ct. App. 1992). We conclude that the district court was correct in finding that Wells Fargo's representations related solely to future conduct and that Rodriguez cannot sustain a claim of negligent misrepresentation.

**AFFIRMED.**